IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

Vs.                                        No. 08-40016-01-SAC

LARRY EUGENE GOPPERT,

Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's unresolved objection to the presentence report ("PSR") as appearing in the PSR addendum and as argued in his sentencing memorandum (Dk. 32). The government has filed a response opposing the defendant's objection. (Dk. 33).  Larry Eugene Goppert is the sole defendant named in a six-count indictment containing charges of drug manufacturing, controlling a building for illegal drug purposes, and possessing firearms while being an unlawful user of a controlled substance.  The defendant pleaded guilty to count six in being an unlawful user of a controlled substance and possessing five firearms.  The PSR recommends a base offense level of 20 pursuant to

U.S.S.G. § 2K2.1(a)(4) (committing the offense subsequent to a controlled substance conviction), a two-level increase pursuant to U.S.S.G. § 2K2.1(b)(1)(A) (involving three to seven firearms), a four-level increase pursuant to U.S.S.G. § 2K2.1(b)(6) (possessing a firearm in connection with another felony offense--the manufacture and possession of a controlled substance), a three-level decrease pursuant to U.S.S.G. § 3E1.1 for acceptance of responsibility.  With a total offense level of 23 and a criminal history category of two, the advisory guideline range for the defendant is 51 to 63 months.

The defendant's only objection is against the four-level specific offense characteristic for possessing a firearm in connection with the defendant's manufacture and possession of methamphetamine.  Neither as argued in the addendum nor as presented in his sentencing memorandum does the defendant's objection challenge any of the facts appearing in the body of the PSR or its addendum.  The defendant does not indicate that he intends to introduce evidence at the sentencing hearing or that he expects the government will be doing so in light of his objection.[1]  Instead, the

_____

[1]The government has filed a sentencing memorandum that includes copies of photographs taken of the defendant's home during the search warrant execution in March 2007.  The photographs show a shotgun leaning against the wall of the defendant's living room in close proximity to

2

defendant crafts his arguments only to challenge the sufficiency of the facts appearing in the PSR and its addendum to justify this specific offense characteristic.  The defendant, however, alleges additional matters which would be relevant in determining this specific offense characteristic. Specifically, the defendant claims all of the firearms were hunting guns, two of which belonged to his daughter for hunting, two of which belonged to a neighbor but had been lent to the defendant's sons for hunting, and one of which belonged to the defendant and was kept and valued as a collectible. The defendant asserts these hunting guns had no connection to any drug activity, that he never contemplated them in context of his manufacturing and using methamphetamine, and the presence of them in his home is nothing more than a mere coincidence.  The defendant does not cite or attach any affidavit or report in support of his factual assertions on the condition, ownership, and intent regarding these firearms.

Under U.S.S.G. § 2K2.1(b)(6), if the defendant . . . possessed any firearm or ammunition in connection with another felony offense; . . ., increase by 4 levels."  The guideline commentary defines "in connection with" generally as the firearm "facilitated or had the potential of facilitating

_____

a propane tank that the governments says contained anhydrous ammonia.

3

another felony offense or another offense, respectively."  U.S.S.G. §

2K2.1(b)(6) comment. (n. 14(A)).  This enhancement is warranted "in the

case of a drug trafficking offense in which a firearm is found in close

proximity to drugs, drug-manufacturing materials or drug paraphernalia,"

because the firearm's presence "has the potential of facilitating another

felony offense."  *Id.* at comment. (n. 14(B)).  Prior to 2006, this commentary

did not define "in connection with."  *United States v. Fuentes Torres*, 529

F.3d 825, 827 (8th Cir. 2008).  Nonetheless, the Tenth Circuit had

"generally held that if the weapon facilitated or had the potential to facilitate

the underlying felony, then enhancement  . . . is appropriate."  *United*

*States V. Gambino-Zavala*, 539 F.3d 1221, 1230 (10th Cir. 2008)(quotation

marks and citation omitted); *see, e.g., United States v. Bunner*, 134 F.3d

1000, 1006 (10th Cir.), *cert. denied*, 525 U.S. 830 (1998).  The Tenth

Circuit also had recognized that a weapon's close proximity to drugs may

be sufficient to conclude the weapon was possessed in connection with a

drug offense.  *See United States v. Browning*, 252 F.3d 1153, 1160 (10th

Cir. 2001); *United States v. Bunner*, 134 F.3d at 1006.  This circuit also had

held that "the enhancement is not appropriate if possession of the weapon

is coincidental or entirely unrelated to the offense."  *United States v. Brown*,

4

314 F.3d 1216, 1222 (10th Cir.) (citation omitted), *cert. denied*, 537 U.S. 1223 (2003); *see United States v. Taylor*, 413 F.3d 1146, 1154 (10th Cir. 2005).

The burden of proving a sentencing enhancement rests with the government. *United States v. Yarnell*, 129 F.3d 1127, 1136 (10th Cir. 1997). A sentencing court in applying a sentencing enhancement may rely on the "unobjected-to facts" stated in the PSR. *United States v. Wolfe*, 435 F.3d 1289, 1299 (10th Cir. 2006); *see United States v. Keifer*, 198 F.3d 798, 800 (10th Cir. 1999). Should the defendant object to a fact stated in the PSR, the government must prove that fact by a preponderance of evidence at the sentencing hearing, *Keifer*, 198 F.3d at 800, and the sentencing court may not simply adopt the PSR's findings but it must resolve the disputed matter. *See United States v. Williams*, 374 F.3d 941, 946-47 (10th Cir. 2004). As stated earlier, the defendant has not objected to any facts appearing in the PSR and its addendum relating to this offense enhancement. He confines his challenge to whether the facts sustain a finding that a firearm was possessed in connection with his manufacture and use of methamphetamine.

Paragraph 129 of the PSR addendum recounts that in March of

5

2007 officers found a 12-gauge shotgun leaning against the wall in the front

living room of the defendant's home.  Also in the front living room, officers

observed items used in the manufacture of methamphetamine, including a

large propane tank.[2]  Paragraph 130 states that on August 1, 2007, officers

found five firearms in the northwest bedroom of the defendant's home.

Three firearms were on the bedroom's south wall in a gun rack, and the .22

caliber rifle on that rack had a round in its chamber.  Two additional

firearms were in a gun rack on the bedroom's north wall, and the

Remington 870 shotgun on that rack had three shells in its magazine.  In

the same bedroom, officers located various items used for manufacturing

---

[2]The enhancement at § 2K2.1(b)(6) applies to "any firearm" and not
just the firearms possessed and charged in the offense of conviction.  *See
United States v. Jardine*, 364 F.3d 1200, 1207-08 (10th Cir. 2004),
*judgment vacated on other grounds*, 543 U.S. 1102 (2005); *United States
v. Nichols*, 464 F.3d 1117, 1121 (9th Cir. 2006); *United States v. Brummett*,
355 F.3d 343, 345 (5th Cir. 2003), *cert. denied*, 541 U.S. 1003 (2004);
*United States v. Mann*, 315 F.3d 1054, 1056 (8th Cir.), *cert. denied*, 540
U.S. 848 (2003).  The defendant's possession of a firearm in close
proximity of methamphetamine manufacturing materials just five months
earlier is relevant conduct, because this possession is part of the same
course of conduct.  *See United States v. Windle,* 74 F.3d 997, 1000-1001
(10th Cir.) (possession of illegal firearms over a period of four to five
months constitutes same course of conduct), *cert. denied*, 517 U.S. 1115
(1996); *see, e.g., United States v. Hernandez*, 278 Fed. Appx. 826, 835,
2008 WL 2148987 (10th Cir. May 22, 2008) (firearm possessions on
different dates and charged in other counts to which the defendant did not
plead were still considered as relevant conduct for purposes of U.S.S.G. §
2K2.1(b)(6)).

methamphetamine and bags containing a white residue that tested positive for methamphetamine.

The court finds the PSR correctly applies the (b)(6) enhancement on the weight of the undisputed facts appearing in the PSR and its addendum.  While the sporting guns found at the defendant's home certainly can be used for hunting purposes, this does not preclude them from also being used to protect the defendant and his drug manufacturing materials and business.  *See United States v. Pate*, 518 F.3d 972, 978-79 (8th Cir. 2008).  The presence of a shotgun leaning against the wall in the defendant's front living room in March of 2007 in close proximity to drug manufacturing materials plainly suggests the gun was being used for purposes other than hunting.  Readily accessible and available in the front living room, the gun's location suggests it also served a more immediate need than simply hunting.  Even the shotguns and the rifles in the bedroom, particularly when loaded and in the same room as drug manufacturing materials, offer the potential for immediate protection to a drug manufacturer/seller.  *See United States v. Gambino-Zavala*, 539 F.3d at 1221 (shotgun in bedroom closet "had the potential to facilitate illegal drug transactions by helping . . . [defendant] protect himself and his drug

7

supply.").  The court overrules the defendant's objection to the PSR but will reconsider its ruling should there be additional arguments and evidence offered at the sentencing hearing.

The defendant argues several circumstances for imposing a variant sentence of 24 months.  Emphasizing that the firearms are hunting guns and claiming that all but one are owned by others and used only for hunting purposes, the defendant argues these circumstances militate against a longer sentence.  With respect to his criminal history, the defendant points out that he's never been to prison and his most severe has been ten days in jail on a driving offense.  The defendant then notes his base offense was bumped to 20 because of a prior controlled substance conviction which by his calculation was just four months short of not being countable pursuant to U.S.S.G. § 4A1.2(e)(2).[3]  Finally, the defendant notes that after his conviction in December of 1997, he began a seven-year period of sobriety that ended when he resumed using the powerfully addictive methamphetamine. The defendant notes his period of sobriety is an indicator of interest and desire in leading a life free from

---

[3]The defendant actually missed this cutoff by more than four months, as the relevant conduct charged in counts one through three took place in March of 2007.  *See* U.S.S.G. § 4A1.2(e) comment. (n.8).

8

drugs.  The government opposes a variance saying the government considered the defendant's points in fashioning the plea bargain reached here.  The government particularly notes that it did not seek controlled substance convictions with the accompanying mandatory sentence of five years or ten years based on the theoretical yields of the defendant's different methamphetamine labs.  The court will consider each of these argued circumstances within the full context of the relevant factors and proper sentencing purposes identified in 18 U.S.C. § 3553(a).

IT IS THEREFORE ORDERED that the defendant's objection to the PSR is overruled.

Dated this 27th day of October, 2008, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge